IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PAUL D. BARGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:16-cv-71 |
| | ) | |
| ACOSTA, INC., | ) | |
| and LIBERTY LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

Comes now the Plaintiff, Paul D. Barger, by and through counsel, and for cause of action would state as follows:

## JURISDICTION AND VENUE

1. The Plaintiff, Paul D. Barger, is a citizen and resident of Sevier County, Tennessee.

2. Defendant Acosta, Inc. ("Acosta") is a business entity registered to do and doing business in the State of Tennessee. Acosta may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312. At all material times, Defendant Acosta acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. Upon information and belief, it is alleged that Defendant Acosta was Plaintiff's employer through the relevant time periods and is the Planholder and/or Plan Administrator and/or Plan Sponsor of the long term disability "Plan" from which Plaintiff sought benefits.

4. Upon information and belief, it is alleged that the Defendant Acosta is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

5. Defendant Liberty Life Assurance Company of Boston Company Services, Inc. ("Liberty") is an insurance company or third-party administrator with a principal office located in Boston, Massachusetts. Liberty is a foreign corporation doing significant business within the state of Tennessee. Liberty may be served through the Commissioner of Insurance located at 500 James Robertson Parkway, Nashville, Tennessee 37243.

At all material times, Defendant Liberty acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

6. Upon information and belief, it is alleged that the Defendant Liberty was the claims administrator and/or the party obligated to pay benefits and/or to determine eligibility for benefits under the plan.

7. Upon information and belief, it is alleged that the Defendant Liberty is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

8. The Plaintiff brings this action to recover benefits due for his long term disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and

the subject disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

9. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

10. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

11. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

## FACTS AND CAUSE OF ACTION

12. At all times material, Plaintiff worked for Defendant Acosta.

13. Plaintiff worked for Defendant Acosta as a Sales Manger from 2006 through February 21, 2015.

14. As of February 21, 2015, Plaintiff's several and severe medical conditions made it impossible for him to continue working resulting in permanent and total disability.

15. Mr. Barger made a claim under and was placed on Defendant Acosta' short term disability plan administered by Defendant Liberty.

16. Plaintiff cannot do any work for which he is or can become qualified by reason of his education, experience or training and is not expected to be able to continue such work for the duration of his life.

17. Plaintiff timely filed an application disability benefits through the Defendants

3

Acosta and Liberty.

18. On July 17, 2015, the Defendant Liberty wrote Plaintiff denying his claim for benefits under the Defendant Acosta's Plan stating Plaintiff could perform the requirements of his own occupation.

19. On November 10, 2015, Plaintiff timely appealed the July 17, 2015 denial of benefits under Defendant Acosta's Plan providing positive proof of inability to perform the requirements of his own occupation.

20. On November 20, 2015, Defendant Liberty acknowledged receipt of Plaintiff's appeal.

21 On November 25, 2015, Plaintiff provided additional evidence from Pain Consultants of East Tennessee.

22. On December 30, 2015, Defendant Liberty wrote Plaintiff advising that Plaintiff's claim was being reviewed "in the Appeal Review Unit and has been referred for further medical review and assessment."

23. On January 14, 2016, Defendant Liberty upheld its previous administrative determination to deny Plaintiff benefits under Defendant Acosta's Plan.

24. The January 14, 2016 denial represented an exhaustion of the administrative remedies available under the Plan.

25. The Defendant Liberty has acted under a Plan to take advantage of the potential applicability of ERISA to claims.

26. Under the terms of the Plan, Defendants agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

27. Plaintiff is disabled under the terms of the Plan.

28. Defendants failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

29. The decision to deny benefits was wrong under the terms of the Plan.

30. The decision to deny benefits and decision-making process were arbitrary and capricious.

31. The decision to deny benefits was not supported by substantial evidence in the record.

32. The appellate procedures did not provide the Plaintiff a full and fair review.

33. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

34. The Defendants violated the fiduciary duties owed to the Plaintiff.

35. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiffs disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendants to pay Plaintiff back benefits due under the Plan.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay him the amounts they have earned on the money wrongfully withheld from him as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of him suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

G. Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted, this 11th day of February, 2016.

s/ John P. Dreiser
John P. Dreiser (BPR #020743)
Attorney for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37909
(865) 584-1211